IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| GEORGE WILSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 11-0479-WS-B |
| | ) |
| SELMA WATER WORKS AND SEWER BOARD, | ) ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter comes before the Court on initial review of plaintiff's Amended Complaint (doc. 4), defendant's Motion to Dismiss (doc. 7), and defendant's Motion to Strike (doc. 13).

Plaintiff, George Wilson, proceeding *pro se*, filed a Complaint (doc. 1) against defendant, Selma Water Works and Sewer Board (the "Board"), on August 19, 2011. In response to an Order (doc. 3) from Magistrate Judge Bivins, directing him to amend his barebones pleading, Wilson filed an Amended Complaint (doc. 4) on September 20, 2011. This Amended Complaint purports to state a cause of action against the Board (presumably under 42 U.S.C. § 1983) for violation of "his rights to due process of law under the 14th Amendment of the United States Constitution." (Doc. 4, at 7.)

The problem is that it is impossible to discern from the Amended Complaint what the factual basis of this alleged constitutional deprivation might be. Wilson devotes the first two pages of his pleading to a recital of historical race discrimination in Selma, Alabama. On page 3, he references structural cracks in his father's building that he observed in 1983 and that he attributes to "digging" by nonparty City of Selma prior to that time. On page 4, he complains that he received a Notice from the City of Selma in April 2007 requiring him to rebuild or demolish premises located at 1622 Lapsley Street based on the City's determination that it "is a nuisance and a dangerous building" that did not comply with the City's Building Code. (*See* doc. 4, at 4 & Exh. 16.) Plaintiff apparently attributes issuance of this Notice to the perceived political connections of that building's next-door neighbor, nonparty John Oliver. Then the First

Amended Complaint goes on to discuss unspecified "hearings with the City of Selma" that apparently related in some way to the building and the causes of its structural cracks.  (*Id.* at 4.) On pages 5 and 6, Wilson indicates that he requested recusal of the judge originally assigned to "the Selma waterworks lawsuit" in state court in 2001, and notes that the "case action for James Hudson v. George Wilson shows no mention of discovery until I made a motion for one."  (*Id.* at 5-6.)  Wilson states on page 6 when the word "discovery" first appeared "in the present George Wilson v. Selma Water" (*id.* at 6), notes that "no subpoenaed materials were produced" in that case (*id.*), indicates that he "filed a motion in a fraud" apparently in some other matter in December 2009 (*id.*), and mentions an affidavit filed by Lee Goodwin, chairman of the Waterworks and Sewer Board for the City of Selma, in state-court litigation styled *George Wilson v. Selma Waterworks & Sewer Board* in April 2010 (*id.* & Exh. 37).  On page 7, Wilson claims that the non-production of a Memorandum of Understanding between the Board and the City in January 2009 constitutes "suppression of evidence and obstruction of justice."  (*Id.* at 7.)

In its present state, Wilson's Amended Complaint is indecipherable.  Although he purports to be asserting that his due process rights were violated, neither the Court nor the opposing party can reasonably discern from the pleading what the basis of that cause of action is. Instead, Wilson has pieced together a patchwork of facts spanning a period of decades, many of them appearing unrelated to each other or his claims for relief, without ever identifying how he maintains those facts amount to a deprivation of his constitutional or civil rights by the named defendant in this case.  As formulated, the Amended Complaint does not articulate how Wilson maintains that the Board wronged him or how the alleged facts relate to that wrong.

These deficiencies are unacceptable.  The Federal Rules of Civil Procedure require a plaintiff to set forth in his Complaint "a short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(a)(2), Fed.R.Civ.P.  This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).  Rather, in order to satisfy baseline federal pleading requirements, a complaint must plead "enough facts to state a claim to relief that is plausible on its face," whose allegations are "enough to raise a right to relief above the speculative level."  *Speaker v. U.S. Dep't of Health and Human Services Centers for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (citations omitted).  The complaint

must "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citations omitted).

The Court is well aware of Wilson's *pro se* status and the liberal construction to which his pleadings are entitled. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed."). But Wilson's status of proceeding without counsel does not excuse him from compliance with the Federal Rules of Civil Procedure, the Local Rules, and court orders. *See, e.g., Moton v. Cowart*, 631 F.3d 1337, 1341 n.2 (11th Cir. 2011); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) (explaining that "we are to give liberal construction to the pleadings of *pro se* litigants," but that "we nevertheless have required them to conform to procedural rules") (citation omitted); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* party "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," and may be sanctioned "for failure to comply with court orders"); Local Rule 83.9(b). Nor does the leniency afforded *pro se* litigants give this Court license to serve as *de facto* counsel for Wilson or to rewrite otherwise deficient pleadings to help him navigate past the Board's Rule 12(b) challenge. *See GJR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998). Thus, Wilson's complaint must comply with the *Iqbal* / Rule 8 pleading requirements, notwithstanding his *pro se* status.

The Court finds that the Amended Complaint falls well short of satisfying these requirements. Simply put, Wilson's pleading does not satisfy the *Iqbal* directive that it contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. From reading the Amended Complaint, one cannot discern how Wilson contends that the Board wronged him, what most of the recited facts have to do with the Board or the alleged wrong, or what the factual basis is for his contention that any such wrong amounts to a violation of his due process rights. The remaining question is whether the Amended Complaint should be dismissed for noncompliance with Rule 8 and *Iqbal*, or whether Wilson should be afforded an opportunity to replead. "Ordinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005). Wilson has not requested such an opportunity here. That omission would be fatal if he were represented by counsel. *See Wagner v. Daewoo Heavy Industries America Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) ("A district court is not required to grant a plaintiff leave to amend his

complaint *sua sponte* when the plaintiff, who is represented by counsel, never filed a motion to amend nor requested leave to amend before the district court."). However, the *Wagner* rule has not been formally extended to unrepresented parties.[1] On that basis, Wilson will be afforded a final opportunity to correct these pleading deficiencies by filing a Second Amended Complaint, inasmuch as it is at least possible that "a more carefully drafted complaint might state a claim." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).

For the foregoing reasons, the Court *sua sponte* authorizes Wilson to file a Second Amended Complaint that comports with the minimum pleading standards as described above. Wilson is **ordered**, on or before **March 5, 2012**, to file a Second Amended Complaint that corrects the identified deficiencies, including without limitation (a) specific identification of the legal claims or causes of action that he asserts against the Board, and (b) sufficient factual allegations to support a reasonable inference that those claims are plausible, that Wilson has been wronged, and that the defendant (as opposed to some nonparty) is liable for the misconduct alleged. On the second point, Wilson must state in his Second Amended Complaint what he contends the Board did to harm him, when he contends the Board did it, and what facts lead him to contend that this treatment was unconstitutional or otherwise unlawful.[2] If Wilson fails to file the Second Amended Complaint in a timely manner, this action may be dismissed for failure to prosecute and failure to comply with court orders.

---

[1] In that regard, the Eleventh Circuit has stated in unpublished decisions that *Wagner* does not apply to *pro se* plaintiffs. *See Langlois v. Traveler's Ins. Co.*, 2010 WL 4146153, *2 (11th Cir. Oct. 22, 2010) ("our decision in *Wagner* did not disturb our prior position with respect to *pro se* litigants"); *Jemison v. Mitchell*, 2010 WL 2130624, *2 (11th Cir. May 27, 2010) ("When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice.").

[2] Wilson is cautioned that complaints may not be used as a vehicle for lengthy digressions, as he has previously done in this case, to editorialize about corruption in the State of Alabama, race relations in the 1960s, historical research concerning FBI cold cases, or classified advertisements in the newspaper that he attributes to white supremacist groups, hatemongers, or persons/entities other than named defendants. Rather, the pleadings must be concise, straightforward, and focused on identification of the legal claims that he is bringing against the named defendant, recitation of the specific facts on which Wilson bases those legal claims, and statement of how he contends those facts support those particular legal claims. Extraneous matter must be omitted from the Second Amended Complaint. Wilson should review Rule 8, Fed.R.Civ.P., closely in preparing his revised pleading.

In light of the foregoing, it is **ordered** as follows:

1. Wilson is **ordered**, on or before **March 5, 2012**, to file a Second Amended Complaint that corrects the pleading deficiencies identified in this Order;
2. Defendant's answer or Rule 12(b) motion with respect to the Second Amended Complaint must be filed on or before **March 19, 2012**;
3. Defendant's Motion to Dismiss (doc. 7) is **denied**, without prejudice to the Board's ability to renew such motion, if appropriate, in response to the forthcoming amended pleading;[3]
4. Defendant's Motion to Strike (doc. 13) is **granted**. Plaintiff's filing (doc. 11) received by the Clerk of Court on December 27, 2011 is **stricken**, inasmuch as it does not appear to have any nexus to plaintiff's claims against the Board, but rather accuses unspecified third-parties of leaving racially hostile voice-mail messages for Wilson. Plaintiff is admonished to confine his filings to the subject-matter of his particular claims against the particular named defendant, and not to use them as a springboard for chronicling events that do not involve the named defendant or comprise part of his claims against that named defendant;
5. The "Consent to the Exercise of Jurisdiction by a United States Magistrate Judge" (doc. 17) form that Wilson filed on February 13, 2012 is of no force or effect because it is only executed by one party; and

---

[3] Four points of clarification for this ruling may be helpful. First, insofar as the Board maintains that this action is a mere "do-over" of state-court litigation that Wilson previously brought against the Board, that may or may not be the case. It is not clear at this juncture that Wilson is seeking to litigate "essentially the same issues" (doc. 7-1, at 2) that he previously litigated in state court. Second, the Board's Rule 12(b)(6) objection to the lack of specificity of plaintiff's claims has been fully addressed by this Order's directive that Wilson replead his claims in conformity with Rule 8 and *Iqbal*. Third, the Board's Rule 12(b)(1) assertion that "[t]here is simply no federal cause of action claimed" (doc. 7-1, at 4) is inaccurate on its face, given that Wilson has expressly alleged a violation of his due process rights under the U.S. Constitution. Fourth, the Board has attributed improper motives to Wilson in bringing this lawsuit, and has decried the steep defense costs it is incurring. The Board may be correct that "[a]t some point it has to stop" (doc. 7-1, at 5); however, this Court will not simply assume in the interests of expedience that Wilson is attempting to relitigate previously-dismissed claims and to harass the Board with frivolous litigation. Instead, closer inspection of the nature of Wilson's claims is warranted, after affording him a full and fair attempt to replead them in accordance with the Federal Rules of Civil Procedure.

6.     The Clerk's Office is **directed** to mail a copy of this District Court's *Pro Se* Litigant Guide to Wilson's address of record. Wilson is expected to be fully familiar and compliant with this Guide in all further proceedings in this case.

DONE and ORDERED this 15th day of February, 2012.

                                    s/ WILLIAM H. STEELE
                                    CHIEF UNITED STATES DISTRICT JUDGE